UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ELVIN VICIOSO,

           Plaintiff,

-against-

R & D DELI GROCERY INC., TORRES DELI & GROCERY CORP., and FRANKLIN TORRES,

           Defendants.
------------------------------------------------------------X

Civ. Action No.:

**COMPLAINT**

Plaintiff, ELVIN VICIOSO ("Plaintiff"), as and for his Complaint against Defendants, R & D DELI GROCERY INC. ("R & D Deli"), TORRES DELI & GROCERY CORP. ("Torres Deli"), and FRANKLIN TORRES (collectively, "Defendants"), respectfully alleges as follows:

## JURISDICTION AND VENUE

1. Plaintiff brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, Articles 6 and 19 of the New York Labor Law ("NYLL"), and Title 12, Part 142, of the New York Codes, Rules, and Regulations ("NYCRR"), to recover lost wages and other relief related to his employment with Defendants.

2. Jurisdiction over Plaintiff's FLSA claim is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

3. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claim that they form part of the same case or controversy.

4. Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

1

## PARTIES

5. Plaintiff is an adult male who resides in the State of New York.

6. Plaintiff is a former employee of Defendants.

7. Upon information and belief, Franklin Torres is a resident of the State of New York.

8. Upon information and belief, R & D Deli is a domestic business corporation duly organized and existing under the laws of the State of New York.

9. Upon information and belief, Torres Deli is a domestic business corporation duly organized and existing under the laws of the State of New York.

10. Upon information and belief, R & D Deli maintains a principal place of business located at 84A Broadway, Freeport, New York 11520.

11. Upon information and belief, Torres Deli maintains a principal place of business located at 84A Broadway, Freeport, New York 11520.

12. Upon information and belief, Franklin Torres is the Chief Executive Officer of R & D Deli and Torres Deli.

13. Upon information and belief, R & D Deli and Torres Deli were owned, operated, and controlled by Franklin Torres.

14. Upon information and belief, at all relevant times, Franklin Torres was and continues to be an owner, shareholder, corporate officer, director, and/or managing agent of R & D Deli.

15. Upon information and belief, at all relevant times, Franklin Torres was and continues to be an owner, shareholder, corporate officer, director, and/or managing agent of Torres Deli.

16. Upon information and belief, R & D Deli and Torres Deli are part of a single integrated enterprise that jointly employed Plaintiff.

17. Upon information and belief, R & D Deli's and Torres Deli's operations are interrelated and unified.

18. Upon information and belief, R & D Deli and Torres Deli shared common management, were centrally controlled, and/or were owned by Franklin Torres.

19. Upon information and belief, at all relevant times, R & D Deli and Torres Deli shared employees, equipment, and supplies.

20. Upon information and belief, at all relevant times, Franklin Torres exercised operational control over R & D Deli and Torres Deli, controlled significant business functions of R & D Deli and Torres Deli, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of R & D Deli and Torres Deli in devising, directing, implementing, and supervising the wage and hour practices and policies relating to their employees, including Plaintiff.

21. Upon information and belief, at all relevant times, Franklin Torres participated in running the daily operations of R & D Deli and Torres Deli.

22. Upon information and belief, at all relevant times, Franklin Torres participated in the management and supervision of Plaintiff and his work for R & D Deli and Torres Deli.

23. Upon information and belief, R & D Deli and Torres Deli maintained control, oversight, and direction over Plaintiff, including timekeeping, payroll, and other employment practices applied to him.

24. As such, R & D Deli, Torres Deli, and Franklin Torres are covered employers within the meaning of the FLSA and the NYLL, and, at all relevant times, jointly employed Plaintiff.

## FACTS

25. R & D Deli and Torres Deli own and operate a deli and grocery store.

26. Plaintiff was employed by Defendants from on or about June 25, 2021 until August 7, 2022.

27. During his employment, Plaintiff's duties included making sandwiches, grilling, and unloading merchandise.

28. During this time, Defendants paid Plaintiff a weekly salary.

29. During this time, Plaintiff worked the following schedule: Monday through Saturday from 6:00 a.m. to 2:30 p.m. and Sunday from 7:00 a.m. to 2:30 p.m.

30. During this time, Plaintiff was not given and did not take any meal breaks.

31. During this time, Plaintiff worked 58.5 hours each week.

32. During this time, Defendants did not require Plaintiff to punch in and out of his daily shifts.

33. During this time, Defendants did not maintain records reflecting the actual time that Plaintiff worked each day and each week.

34. During this time, Defendants did not pay Plaintiff one-and-one-half times his regular rate of pay for any hours that he worked in excess of forty (40) each week.

35. During this time, Defendants did not pay Plaintiff overtime compensation for any hours that he worked in excess of forty (40) each week.

36. During this time, Defendants failed to provide Plaintiff with complete and accurate paystubs along with his weekly earnings, as required by NYLL § 195(3).

37. During Plaintiff's employment, Defendants failed to provide Plaintiff with wage notices in accordance with NYLL section 195(1).

38. Upon information and belief, Franklin Torres hired Plaintiff.

39. Upon information and belief, Franklin Torres fired Plaintiff.

40. Upon information and belief, Franklin Torres decided the job duties that Plaintiff performed on a daily basis.

41. Upon information and belief, Franklin Torres supervised Plaintiff's job duties and responsibilities.

42. Upon information and belief, Franklin Torres set Plaintiff's work schedule.

43. Upon information and belief, Franklin Torres decided the hours that Plaintiff worked.

44. Upon information and belief, Franklin Torres decided the manner in which Plaintiff was paid.

45. Upon information and belief, Franklin Torres decided the compensation that Plaintiff was paid.

46. Franklin Torres ran the day-to-day operations of R & D Deli and Torres Deli during Plaintiff's employment.

47. Defendants managed Plaintiff's employment, including the amount of time he worked and the rates he was paid.

48. Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies.

49. Defendants were aware of Plaintiff's work hours and rates of pay but failed to pay him the proper wages to which he was entitled under the law.

50. Defendants' failure to pay proper wages in a timely manner has been made without good faith, willfully, and with a reckless disregard for Plaintiff's rights, and Plaintiff has been damaged by such failures.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## 29 U.S.C. § 201 *ET SEQ.*
## FAILURE TO COMPENSATE FOR OVERTIME

51. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

52. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

53. Defendants were and are subject to the overtime pay requirements of the FLSA because R & D Deli and Torres Deli are enterprises engaged in commerce or in the production of goods for commerce.

54. At all times relevant to this Complaint, R & D Deli and Torres Deli had, and continue to have, two (2) or more employees handle goods or materials that have moved in interstate commerce.

55. Upon information and belief, the gross annual volume of sales made or business done by R & D Deli and Torres Deli for the year 2021 was not less than $500,000.00.

56. At all times relevant to this action, Plaintiff was entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq.*

57. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week.

58. By the above-alleged conduct, Defendants have violated the FLSA by failing to pay Plaintiff overtime compensation as required by the FLSA.

59. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

60. However, none of the Section 13 exemptions apply to Plaintiff because he did not meet the requirements for coverage under the exemptions during the relevant period of his employment.

61. Defendants acted willfully and either knew that their conduct violated the FLSA or showed a reckless disregard for the matter of whether their conduct violated the FLSA.

62. Defendants did not act in good faith with respect to the conduct alleged herein.

63. As a result of Defendants' violations of the FLSA, Plaintiff incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

**COUNT II**
**VIOLATION OF THE NEW YORK LABOR LAW**
**ARTICLE 6 AND 19**
**FAILURE TO COMPENSATE FOR OVERTIME**

64. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

65. At all times relevant to this Action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

66.     Under New York law, an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week in the manner and methods provided by the FLSA. 12 N.Y.C.R.R. § 142-2.2.

67.     By the above-alleged conduct, Defendants failed to pay Plaintiff overtime compensation as required by the New York Labor Law and the Regulations pertaining thereto.

68.     By the above-alleged conduct, Defendants failed to pay Plaintiff overtime compensation for the time periods in which he worked in excess of forty (40) hours a week for Defendants.

69.     Plaintiff was not exempt from the overtime provisions of the New York Labor Law during the relevant periods of his employment, because he did not meet the requirements for any of the reduced number of exemptions available under New York law.

70.     Defendants acted willfully and either knew that their conduct violated the New York Labor Law or showed a reckless disregard for the matter of whether their conduct violated the New York Labor Law.

71.     Defendants did not act in good faith with respect to the conduct alleged herein.

72.     As a result of Defendants' violations of the NYLL, Plaintiff incurred harm and loss in an amount to be determined at trial, in addition to liquidated damages, reasonable attorneys' fees, costs, and pre- and post-judgment interest.

**COUNT III**
**VIOLATION OF THE NEW YORK LABOR LAW**
**NYLL SECTION 195(3)**
**<u>FAILURE TO PROVIDE WAGE STATEMENTS</u>**

73.     Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

74. Defendants willfully failed to provide Plaintiff with complete, accurate, and written wage statements with his wages each week as required by NYLL § 195(3), which were to include, among other things, the dates of work covered by each payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; deductions; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked.

75. Through their knowing and intentional failure to provide Plaintiff with accurate wage statements required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq.* and the supporting Regulations.

76. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees as provided by NYLL § 198(1-d).

## COUNT IV
## VIOLATION OF THE NEW YORK LABOR LAW
## NYLL SECTION 195(1)
## FAILURE TO PROVIDE WAGE NOTICES

77. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

78. Defendants willfully failed to furnish Plaintiff with wage notices during his employment, including upon hiring, as required by NYLL § 195(1), in English or in the language identified by Plaintiff as his primary language, which were to contain, among other things, Plaintiff's rate or rates of pay and basis thereof; the regular pay day designated by Defendant as an employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and Plaintiff's regular hourly rates of pay and overtime rates of pay.

9

79. Through their knowing and intentional failure to provide Plaintiff with the wage notices required by the NYLL, Defendants have willfully violated NYLL §§ 190 et seq. and the supporting Regulations.

80. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees provided by NYLL § 198(1-b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, by and through his attorneys, The NHG Law Group, P.C., demands judgment against Defendants and in favor of Plaintiff for a sum that will properly, adequately, and completely compensate Plaintiff for the nature, extent, and duration of the damages, costs of this action, and as follows:

A. Declare and find that Defendants committed one or more of the following acts:

1. Willfully violated provisions of the FLSA by failing to pay Plaintiff overtime compensation;

2. Willfully violated the provisions of the NYLL by failing to pay Plaintiff overtime compensation;

3. Willfully violated the provisions of the NYLL by failing to provide Plaintiff with accurate wage statements and wage notices;

B. Award compensatory damages, including all overtime compensation, in an amount according to proof;

C. Award liquidated damages under the NYLL, or alternatively the FLSA;

D. Award statutory damages under the NYLL;

E. Award interest on all NYLL overtime compensation due accruing from the date such amounts were due;

  F.  Award all costs and attorneys' fees incurred in prosecuting this action; and

  G.  Provide such further relief as the Court deems just and equitable.

Dated: Massapequa, New York
   September 19, 2022

            THE NHG LAW GROUP, P.C.

            _____
            By: Justin M. Reilly, Esq.
            *Attorneys for the Plaintiff*
            4242 Merrick Road
            Massapequa, New York 11758
            Tel: 516.228.5100
            justin@nhglaw.com